### J. J. MISTRAT v. TEXAS OIL COMPANY.

#### (No. 2052.)

APPEAL from Navarro County. Opinion by WILLSON, J.

SIMKINS & NEBLETT, counsel for appellant.

No appearance for appellee.

§ **45.** *Judgment; matters not pleaded cannot form basis of contract by agent; case stated.* Appellant was the patentee of an oil mat used in the manufacture of cotton seed oil. He was entitled to a royalty on mats made according to his patent and used. Appellee, a cotton seed oil manufacturer, made and used in its manufactory fifty mats of the kind covered by appellant's patent. These fifty

mats were made and used under a contract between one Adams and appellant, Adams being at the time the agent of both appellant and appellee; that is, he was appellant's agent for the sale of mats, and was also the general superintendent of appellee's manufactory. Adams agreed with appellee to use said patent mats in said manufactory, and pay appellee his said royalty thereon. After the fifty mats were made and used under this contract, Adams ceased to be the agent of appellee, and appellee then refused to pay appellant said royalty, and discontinued the use of said mats. Thereupon appellant brought this suit against appellee to recover said royalty, alleging said express contract, and also alleging an implied contract on the part of appellee to pay said royalty. Appellee answered by general denial, and, upon a trial had before the judge without a jury, recovered judgment against appellant for costs. In his conclusions of fact, the trial judge found that Adams, as superintendent of appellee, contracted with appellant to use said mats and pay said royalty; but that Adams represented to appellee that there was no royalty to be paid upon said mats, and thereby induced appellee to make and use the same. His conclusion of law is that this did not constitute an express contract. *Held* error. Adams, being the general superintendent of the company, was authorized to make such a contract, and the evidence is conclusive that he did make it. The representations made by Adams to the company, that there was no royalty on the mats, were not pleaded in avoidance, and could not be availed of under the general denial. Not having been specially pleaded, the court should not have allowed proof thereof; or, having allowed such proof, should not have considered the same in its judgment. Matters not pleaded, although proved, cannot form the basis of a judgment. [Hale v. Jackson, 3 Tex. 305; W. & W. Con. Rep. §§ 131, 495, 514.]

§ **46.** *Implied contract; royalty on patent right; rules as to.* Again, the court found as matter of fact that the

company had used said mats for two months; that said company owned the material of which said mats were made; that it had used said mats without knowing that a royalty was due thereon, and had ceased using the same after ascertaining that appellant claimed a royalty thereon. As matter of law, upon this state of facts, the court concluded that there was no implied contract on the part of the company to pay the royalty, because the property in the mats belonged to the company, and not to appellant, and therefore appellant could not recover for the *use* of said mats; and further, that for the two months' time during which the mats had been used, there was no proof as to the value of such use. *Held:* The court erred in these conclusions. It was sufficiently shown that appellee had knowledge, at the time it made and used the mats, that appellant was entitled to the royalty thereon. It had constructive notice of this fact, at least, and that was sufficient. The fact that the material of which the mats were constructed belonged to the company did not affect the right of appellant to his royalty. He became legally entitled to his royalty whenever his patent was used, and without regard to the length of time it was used. If used for a day only, he was entitled to the full royalty, because the royalty was not limited as to time. His right to such royalty did not depend upon the ownership of the material of the mats, or of their continued use by appellee.

November 25, 1885.    Reversed and remanded.